UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR FERNANDEZ,<br><br>    Petitioner-Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent-Plaintiff. | Case No.: 18-CV-2707-GPC<br><br>Related Case No. 14-CR-277-GPC<br><br>**ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C § 2255** |

On November 29, 2018, Petitioner, Victor Fernandez ("Petitioner"), a federal prisoner proceeding *pro se,* moved for relief under 28 U.S.C. § 2255 alleging ineffective assistance of counsel. (Dkt. No. 285). On January 2, 2019, Respondent filed a Response to Defendant's § 2255 Motion to Vacate arguing that any collateral challenges should be dismissed without prejudice until Petitioner has exhausted his appeal with the Court of Appeals. (Dkt. No. 287). On January 18, 2019, Petitioner filed a Supplemental Brief in Support of § 2255 Motion to Vacate where he asserts his trial counsel failed to "file Petitioner's requested notice of appeal and failed to consult with Petitioner after sentencing concerning the appeal". (Dkt. No. 288). For the following reasons, the Court **DENIES** and **DISMISSES** Petitioner's § 2255 Petition. The Court also **DENIES** a

certificate of appealability.

## I. Background

On January 22, 2018, Petitioner plead guilty to Conspiracy to Commit Wire Fraud under 18 U.S.C. § 1349, Computer Hacking under 18 U.S.C. § 1030(a)(4), (c)(3)(A), and Aggravated Identity Theft under 18 U.S.C. § 1028A(a)(1) and was sentenced to 129 months in prison. (Dkt. No. 264).

On October 29, 2018, Petitioner filed a notice of appeal with the Court of Appeals for the Ninth Circuit ("Court of Appeals"). On November 5, 2018, the Court of Appeals issued an Order to Show Cause as to why Petitioner's appeal should not be dismissed for lack of a timely notice of appeal. (COA #:18-50388; Dkt. No. 3-1). On December 10, 2018, Petitioner filed his Response to Order to Show Cause (COA #:18-50388; Dkt. No. 8). The case is still pending with the Court of Appeals.

## II. Discussion

Petitioner contends that this court should vacate his sentence. (Dkt. No. 285). Respondent counters that the Court of Appeals has "repeatedly and unambiguously ruled that habeus corpus petitions like Petitioner's that are brought while an appeal is pending . . . should be dismissed without prejudice." (Dkt. No. 287). For the following reasons, this Court finds that it lacks authority to decide Petitioner's § 2255 motion while his direct appeal is pending. The Court also finds that Petitioner has not satisfied the requirements for issuance of a certificate of appealability.

The Ninth Circuit has held that "[a] district court *should not* entertain a habeas corpus petition while there is an appeal pending in this court or in the Supreme Court." *Feldman v. Henman*, 815 F.2d 1318, 1320 (9th Cir. 1987) (emphasis in original) (citing *Black v. United States*, 269 F.2d 38, 41 (9th Cir. 1959) and *Nemec v. United States*, 184 F.2d 355 (9th Cir. 1950)). However, a district court may entertain a collateral motion during the pendency of a direct appeal if "extraordinary circumstances" outweigh the

considerations of administrative convenience and judicial economy. *United States v. Taylor*, 648 F.2d 565, 572 (9th Cir. 1981); *see* Rules Governing § 2255 Proceedings in the District Courts, Rule 5, Adv. Comm. Notes ("While there is no jurisdictional bar to raising a motion to vacate a sentence while the direct appeal is pending, a district court should not consider such a motion *absent extraordinary circumstances*, since disposition of the direct appeal could render the motion moot.") (emphasis added) (quoting *Womack v. United States*, 395 F.2d 630, 631 (D.C. Cir. 1968) (per curiam)); *see also United States v. Reclusado*, Nos. 97-50125, 98-56094, 1999 WL 556455, at *1 (9th Cir. July 29, 1999) (unpublished). The purpose of this rule is to mitigate the risk of duplicitous and conflicting judicial administration. *Taylor*, 648 F.2d at 572.

Here, Petitioner has not asserted any "extraordinary circumstances" for the Court to consider his petition pending his direct appeal with the Ninth Circuit and based on the Court's review of the allegations of ineffective assistance of counsel in his petition, extraordinary circumstances do not exist. In *Taylor,* the court found the defendant's challenge to the truth of the government's representations were a "clear, detailed, plausible, and unrebutted" claim of governmental misconduct which reached the very foundation of defendant's conviction constituted an extraordinary circumstance. *Id*. at 574. Accordingly, because no extraordinary circumstances have been demonstrated or exist in this case, the Court concludes it lacks the authority to consider Petitioner's § 2255 motion while his direct appeal is still pending. *See United States v. Diaz-Martinez*, 71 F.3d 946, 953 (1st Cir. 1995) ("The settled rule in this circuit . . . is that the district court should decline to hear claims for relief based on allegedly ineffective assistance of counsel until the direct appeal is decided, unless "extraordinary circumstances" are demonstrated.").

### A. Certificate of Appealability

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the

court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, no reasonable jurist would find dismissal of Petitioner's § 2255 motion debatable. Therefore, the Court DENIES a certificate of appealability.

### III.     Conclusion and Order

For the foregoing reasons, the Court **DENIES** and **DISMISSES** Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. The Court also **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Dated:  February 5, 2019

Hon. Gonzalo P. Curiel
United States District Judge